UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD YUSKO, an individual, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> HORACE MANN INSURANCE COMPANY; ) <br> DOES I through X, inclusive; and ROE ) <br> CORPORATIONS I through X, inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-00418-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendant Horace Mann Insurance Company ("Defendant").  Plaintiff filed a Response (ECF No. 7) and Defendant filed a Reply (ECF No. 9).

**I.    BACKGROUND**

This case arises from a traffic accident that occurred on November 26, 2009 when a moving vehicle struck Plaintiff Richard Yusko ("Plaintiff) as he was crossing the street.  As a result of this collision, Plaintiff alleges that he "suffered traumatic, serious and permanent injuries including but not limited to an irreparable fracture to his right leg." (Notice of Removal Ex. A ("Compl.") ¶ 15, ECF No. 1.)  The cost of treatment for Plaintiff's injuries from this accident exceeded $600,000. (*Id.* ¶ 18.)  Several months after the accident, USAA Insurance Co., the insurance provider for the driver of the moving vehicle that struck Plaintiff, "paid the entire liability policy limit . . . in the amount of $150,000." (*Id.* ¶ 19.)

At some point prior to the accident, Plaintiff purchased an automobile insurance policy from Defendant Horace Mann Insurance Company ("Defendant"), which included 50,000/100,000 of underinsured/uninsured ("UIM") coverage. (*Id.* ¶¶ 16–17.)  Because

Plaintiff recovered much less than his total medical expenses from USAA, he made a claim with Defendant "for the available $50,000.00 policy limits under his UIM policy. (*Id.* ¶ 20.) Thereafter, Plaintiff asserts that Defendant spent several months denying coverage and "engag[ing] in 'merry-go round' tactics." (*Id.* ¶¶ 21–25.) Eventually, Defendant "agreed to pay the undisputed policy limits to the Plaintiff, Mr. Yusko, after an approximate year of acting in bad faith with regards to Plaintiff's UIM policy claim." (*Id.* ¶¶ 26–27.) Nevertheless, the Complaint alleges that "Plaintiff has not received said funds." (*Id.* ¶ 27.)

Initially, in January 2011, Plaintiff filed an action against Horace Mann Services Corporation and Horace Mann Investors, Inc. ("Previous Defendants"). *See generally Yusko v. Horace Mann Servs. Corp.* (*Yusko I*), 2:11-cv-000278-RLH-GWF. This prior action was resolved in early 2012, when Judge Hunt issued an order granting the Previous Defendants' motion for summary judgment.

Thereafter, Plaintiff filed the instant action asserting a single claim for relief against Defendant Horace Mann Insurance Company for "Breach of Contract Under NRS 690B.012." (*See* Compl. ¶¶ 29–35.) In response, Defendant filed the instant Motion to Dismiss asserting that Plaintiff's claim is barred by the doctrines of issue and/or claim preclusion. (Mot. to Dismiss 2:5–9, ECF No. 5.)

## II. DISCUSSION

Defendant first argues that Plaintiff's claim is barred by principles of claim and issue preclusion. Specifically, Defendant asserts that Plaintiff previously asserted this claim against Horace Mann in a previously filed action that was adjudicated in this District. *See generally Yusko I*, 2:11-cv-00278-RLH-GWF. Defendant further asserts that Judge Hunt's Order granting the Previous Defendants' Motion for Summary Judgment bars the instant action. *See Yusko I*, No. 2:11-cv-00278-RLH-GWF, 2012 WJL 458471 (D. Nev. Feb. 10, 2012). Defendants, as the party seeking to assert a judgment against Plaintiff, bear the burden of

establishing the preclusive effect of the judgment. *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 718 (Nev. 2009).

At the outset, the Court first notes that neither party appears to understand the proper standard for determining whether *Yusko I* bars the instant action is governed by Nevada law.  In *Semtek International Inc. v. Lockheed Martin Corp.*, the Supreme Court held that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." 531 U.S. 497, 508 (2001).  In *Semtek*, the Supreme Court went on to conclude that, in such cases, federal courts should apply "the law that would be applied by state courts in the State in which the federal diversity court sits." *Id.*

### A.     Claim Preclusion[1]

"[C]laim preclusion applies to all grounds of recovery that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).  To successfully assert the claim preclusive effect of *Yusko I*, Defendants must establish that: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Id.* (internal citations and quotation marks omitted).

Contrary to Defendant's assertions, Defendant has failed to carry its burden of establishing the first element of the claim preclusion analysis.  Defendant attempts to establish that it is in privity with the Previous Defendants in *Yusko I* by merely asserting that Defendant was one of the "Doe Defendants" in *Yusko I*. (Mot. to Dismiss 7:22–26.)  However, Defendant's motion lacks any citation to controlling or persuasive legal precedent for this argument.  Additionally, Defendant baldly proclaims that "[h]ere, there is a sufficient relationship between the Horace Mann parties in Yusko I and Yusko II such that th[is] . . . res

---

[1] The Nevada Supreme Court has expressly "adopt[ed] the terms of claim preclusion and issue preclusion as the proper terminology in referring to these doctrines." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

judicata element is satisfied." (Mot. to Dismiss 8:7–8.)  This argument also fails; Defendant has failed to provide the Court with any judicially noticeable document to support this statement. Similarly, Defendant's motion lacks any legal precedent where such a statement was sufficient to satisfy this element.  As such, it remains an unsupported assertion and cannot serve as the basis for establishing this element of claim preclusion.

Because the Court finds that Defendant has failed to establish this first element of the claim preclusion analysis, the Court need not address the remaining two elements. Accordingly, Defendant's Motion to Dismiss under the doctrine of claim preclusion is DENIED.[2]

### B.  Issue Preclusion

"[I]ssue preclusion only applies to issues that were actually and necessarily litigated and on which there was a final decision on the merits." *Five Star Capital Corp.*, 194 P.3d at 713. To successfully assert the issue preclusive effect of *Yusko I*, Defendants must establish that:

> (1) the issue decided in the prior litigation [is] identical to the issue presented in the current action; (2) the initial ruling [was] on the merits and ha[s] become final; (3) the party against whom the judgment is asserted [was] a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Id.* (internal citations and quotation marks omitted).

Defendant's issue preclusion arguments also fail.  Specifically, Defendant has established neither that the issues relating to Defendant's alleged violations of section 690B.012 of the Nevada Revised Statutes were presented in the litigation before Judge Hunt nor established that Judge Hunt decided these issues.  Similarly, Defendants have failed to

---

[2] In its Reply Brief, Defendant asserts that the Ninth Circuit has already held that, "[f]or purposes of *res judicata*, for example, the application of this doctrine 'does not require that the party benefitting have been a party to the earlier litigation.'" (Reply 4:9–11, ECF No. 9 (emphasis added) (quoting *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995)).  However, this quote from *Columbia Steel* clearly does not relate to the doctrine of res judicata. 44 F.3d at 802.  In fact, the two words prior to the portion quoted in Defendant's Reply are "collateral estoppel": "*collateral estoppel* does not require that the party benefitting have been a party to the earlier litigation." 44 F.3d at 802.

demonstrate that the issue presented in Plaintiff's Complaint "was actually and necessarily litigated" in the *Yusko I*.

First, there is no mention of section 690B.012 in the Complaint that Plaintiff filed in the previous litigation. (*See Yusko v. Horace Mann Servs. Corp.*, 2:11-cv-00278-RLH-GWF, ECF No. 4.)  Likewise, Judge Hunt's order granting the Previous Defendants' motion for summary judgment does not address section 690B.012. *See Yusko I*, No. 2:11-cv-00278-RLH-GWF, 2012 WL 458471, at *2 (D. Nev. Feb. 10, 2012).  Judge Hunt's order does address Plaintiff's claims for, *inter alia*, Bad Faith and Unfair Claims Practices under section 686A.310 of the Nevada Revised Statutes. *See id.* at *3–4.  However, nothing in the prior order addresses any asserted violations of section 690B.012.

Because the Court finds that Defendant has failed to establish the first and fourth elements of the issue preclusion analysis, the Court need not address the remaining two elements.  Accordingly, Defendant's Motion to Dismiss under the doctrine of issue preclusion is DENIED.

For these reasons, the Court concludes that Defendant has failed to carry its burden of establishing the elements of issue preclusion.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 5) filed by Defendant Horace Mann Insurance Company is **DENIED**.

**DATED** this __13__ day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge